THOMAS ET AL. *v.* REHWINKEL ET AL.

[No. 15,244. Filed March 31, 1936. Rehearing denied July 2, 1936. Transfer denied September 30, 1936.]

*William A. Dresser, Albert W. Ewbank* and *Thomas Everett,* for appellants.

*Reidelbach Brothers & Spangler, Pickens, Gause, Gilliom & Pickens, Harry W. McDowell, Robert E. Thompson* and *Harry M. Snideman,* for appellees.

KIME, P. J.—This was an action to foreclose tax liens upon two tracts of land in Tippecanoe County, Indiana. At a sale of delinquent taxes the appellant's assignor offered to pay the delinquent taxes on these two tracts and take as security therefor a fractional interest of each tract. This was done and redemption not having been made the certificates which appellant's assignor had taken were presented to the auditor and deeds therefor demanded. The auditor refused to execute the deeds until the certificates were accompanied by a survey and description of the parts of said land so purchased. The surveyor of the county afterwards prepared the descriptions to a 1/28th interest in one tract and a 1/76th interest in another tract and specifically described them each coming out of the northwest corner of the respective tracts and deeds to such described premises were executed by the auditor and treasurer of the county purporting to convey the title thereto to these appellants. The appellants later, discovering that their deeds were invalid and ineffectual to convey title, brought this suit to recover from the owner of such lands the amount of such taxes together with all lawful charges and interest at 20% per annum and asking that

such claim be a lien upon such lands. There is a special finding of facts and conclusions of law thereon, therefore there is no necessity that the pleadings involved here be set out or discussed, since there is no question raised except as to the conclusions of law. The special findings set out the facts enumerated above and in addition thereto disclose that the lands were properly described and were subject to taxation at the date of the assessment and that a certificate in proper form had been given by the proper officer and that there had been no redemption and that the auditor did not "on or before the day of sale fixed, to-wit: the first Monday in February, 1923, certify on said record immediately following such notice the manner in which the same was posted and the place and for what length of time it was printed and posted;" and that the lands were advertised for sale and sold at the tax sale February 12, 1923. The findings then set out the amount of the delinquent current taxes for 1922 and cost of the certificates, which in one instance was $29.90 and in the second instance $297.00. That the treasurer commenced the sale of land at the outside door of the court house and then adjourned into the treasurer's office to continue the sale, where these two tracts were sold and that the appellant's assignor by his bid offered to pay the aforementioned sums for a 1/28th interest in one tract and a 1/76th interest in the other; that the auditor issued the certificates to the purchaser and that he duly assigned the certificates to the appellants and that these certificates were later exchanged for deeds, which deeds were given after the surveyor made the descriptions as aforesaid.

Upon this finding of facts the court concluded (1) as a matter of law the tax deeds executed by the auditor to the appellants were invalid and ineffectual as a conveyance and failed to convey the title to the real estate

therein described, (2) as a matter of law that the tax deeds are of sufficient validity to transfer to the appellants the lien of the State of Indiana, (3) as a matter of law the appellants are the owners and holders of said tax lien rights which are valid and subsisting liens upon the 1/28th and 1/76th interests respectively, (4) as a matter of law the owners of the real estate namely the two original tracts of 9 60/100ths acres and 106 acres shall be given the right to pay off and discharge said liens by paying into the clerk's office the amount of said liens with interest at six per cent per annum from the 19th day of February 1934, to the date of payment, at any time within sixty days from that date and (5) in default of payment of said liens within the time fixed in the fourth conclusion the equity and right of redemption of all of the appellees and owners of the real estate and all persons claiming under them shall be foreclosed and said real estate, to-wit: the 1/28th and 1/76th interests therein are ordered sold as provided by law to raise the amounts of said liens, interest and costs.

The sole and only question involved herein, as both parties in their briefs agree, is, what is the extent of the lien of a purchaser at a tax sale when the title proves to be invalid and ineffectual and to this we add and he seeks to avail himself of the remedy given in §64-2418, Burns 1933, being §15847, Baldwin's 1934, and Acts of 1919, ch. 59, §298, p. 198.

The appellants here only question the conclusions of law and do not question the sufficiency of the evidence to sustain the facts found and consequently we are bound by these facts. The trial court found that the title was invalid and ineffectual and the above statute specifically says: "If any conveyance made by the county auditor, pursuant to a sale made for the non-payment of taxes, under this or any former tax law, *shall prove to be invalid and ineffectual to convey*

*title for any other cause than such as are* enumerated
in the section immediately preceding the last section
(§64-2416) *the lien which the state had on such land*
for state, county, township and all lawful purposes
*shall remain in full force and shall be transferred by
such deed to the grantee, and invested in him, his heirs
and assigns, who shall be entitled to recover from the
owner of such lands,* the owner of any life estate, or any
other person first personally liable for the payment of
such taxes, *the amount of such legal taxes, together with
all lawful charges, with interest at twenty (20) per cent
per annum,* from the date of such sale and also the
amount of all subsequent taxes paid, with like interest,
*and such claim shall be a lien upon such lands,* and the
same shall be bound for the final payment thereof."

The appellant contends that the trial court erred in
his conclusion of law numbered 2 by confining the lien
which vested in the holders of the tax deed to the
fractional interests. It is true that parties who
find themselves in the situation of the appellants
here have two remedies, they can either proceed under
§64-2417, Burns 1933, being §15846, Baldwin's 1934,
Acts of 1919, ch. 59, §297, p. 198, to quiet their title and
be content with a fractional interest or they may pro-
ceed under §64-2418, *supra,* to have the property sold
and it is our opinion that under this section they are
entitled to the lien which the state had on such land.
The lien which the state had was on the lands originally
assessed for taxation. The purchaser at the tax sale has
the option of deciding what portion of a tract of land
he is willing to take as security for the amount of money
that he must pay, that amount being the delinquent
taxes and costs. In this case the purchaser decided that
he would be satisfied with these fractional interests. It
developed that the title he received to these interests was
not good and he was forced then to avail himself of one

of the remedies that the statute gave him. Here the election was to have the lien which the state had remain in full force. Since the court has found that these conveyances were invalid and ineffectual the appellants here are entitled to have the lien which the state had, namely a lien as to both of the entire tracts together with all lawful charges and interest at 20 per cent per annum from the date of such sale and the amount of all subsequent taxes paid, if any, with like interest thereon.

In the case of *Patterson* v. *Gary Land Company* (1936), 101 Ind. App. 644, 188 N. E. 685, the plaintiffs there sought to have their title quieted under §64-2417, *supra*. In that case taxes had been paid and certificates and deeds taken to fractional interests of the tracts of land and the trial court in that case found that the conveyances were invalid and ineffectual but that they were sufficient to transfer to the purchasers the lien of the state, and one of the questions decided in that case, by this court, was whether or not the trial court erred in holding that the liens attached to the entire tract so that they might be foreclosed as against the entire tracts under that section of the statute and the conclusion that this court reached was that they attach to the entire tract.

The purchaser is entitled to be subrogated to the lien of the state if he so desires and since he elected to be subrogated to the lien of the state and inasmuch as the trial court found as it did, that the deed was ineffectual, we think the lien is *"the lien that the state had."*

The judgment is reversed with instructions to restate the conclusions of law in harmony with this opinion and for further proceedings not inconsistent herewith.